1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER W.,<br><br>                                    Plaintiff,<br><br>v.<br><br>MICHELLE KING, Acting Commissioner of Social Security,[1]<br><br>                                    Defendants. | Case No.:  23-cv-01107-JLB<br><br>**ORDER GRANTING AMENDED EX PARTE MOTION TO SUBSTITUTE PARTIES DUE TO DEATH OF PLAINTIFF**<br><br>**[ECF No. 19, 28, 29]** |

Before the Court is an unopposed *ex parte* motion to substitute parties due to the death of Plaintiff Christopher Wisnesky ("Plaintiff").  (ECF Nos. 19, 20, 21, 28, 29, 32.) For the following reasons, the Court **GRANTS** the amended *ex parte* motion to substitute.

## I.    BACKGROUND

On June 13, 2023, Plaintiff filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security, denying his application for disability insurance benefits under Title II of the Social Security Act.  (ECF

---

[1]    Michelle King is substituted as the defendant in this suit pursuant Federal Rule of Civil Procedure 25(d).

Nos. 1, 17.)  The Commissioner filed the Administrative Record on August 11, 2023.  (ECF No. 9.)

On August 18, 2023, Plaintiff filed a merits brief seeking reversal of the Commissioner's decision and an award of benefits.  (ECF No. 13.)  The Commissioner thereafter filed an opposition (ECF No. 15), and Plaintiff filed a reply (ECF No. 16).  On September 16, 2024, the undersigned judge granted Plaintiff's merits brief and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF No. 17.)  Judgment was entered in favor of Plaintiff and against Defendant on September 17, 2024.  (ECF No. 18.)

On November 25, 2024, Plaintiff filed an *ex parte* motion to substitute parties due to the death of Plaintiff.  (ECF No. 19.)  Plaintiff's mother, Georgia Wisnesky, as personal representative of Plaintiff's estate, moves to substitute herself for Plaintiff pursuant to Federal Rule of Civil Procedure 25(a).  (*Id.* at 1.)  A "Notice Regarding Substitution of Party Upon Death of Claimant" form filed with the Social Security Administration ("SSA") by Ms. Wisnesky was attached to the motion.  (ECF No. 19-1; *see also* ECF Nos. 29 at 5; 32.)  Before the SSA, Ms. Wisnesky requested to be substituted into Plaintiff's administrative case and appear at the hearing.  (*Id.*)  On November 26, 2024, Plaintiff's certificate of death was filed.  (ECF No. 20.)  The certificate indicates that Plaintiff died on May 11, 2024.  (*Id.*)

The Commissioner does not oppose the motion.  (ECF Nos. 21, 32.)  Initially, the Commissioner responded as follows:

> Defendant has given substantive consideration to the merits of Plaintiff's motion, including under the agency's guidelines for handling claims following a claimant's death.  *See* 20 C.F.R. § 404.503(b); HALLEX I-2-4-35.  Defendant has found no basis to object to Plaintiff's motion.  Therefore, Defendant has no objection to this request and will defer to the Court's assessment of the matter.

(*Id.* at 1–2.)

///

In a supplemental response, the Commissioner advised the Court that further administrative proceedings on remand are underway and remain pending at the administrative level. (ECF No. 32 at 2.) The Commissioner also advised the Court that Ms. Wisnesky has provided sufficient information to establish herself as the proper party to be substituted in order to prevent dismissal at the administrative level. (*Id.*) After further evaluation, the Commissioner reiterated that she does not oppose Plaintiff's motion. (*Id.*)

On December 2, 2024, the parties filed a joint motion requesting the Court award Ms. Wisnesky (on behalf of Plaintiff) attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $9,500. (ECF No. 23.)

On December 16, 2024, the Court held a status conference to discuss the motion to substitute. (ECF No. 26.) The Court inquired about its authority to grant the pending motion to substitute, given that the case is closed. Both parties represented that Plaintiff's claim is not extinguished given the pending EAJA attorney's fees motion. On December 17, 2024, the Court ordered the parties to supplement their briefing. (ECF No. 27.) Plaintiff filed two additional, substantially similar, motions to substitute. (ECF Nos. 28, 29.) The Commissioner filed a supplemental response. (ECF No. 32.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 25(a)(1) governs the issue of substitution and provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Therefore, in deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely, (2) the claims pled are extinguished, and (3) the person being substituted is a proper party. *See id.*; *see also Maseda v. Saul*, No. 1:20-CV-01657 JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021). If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the

3

same position as [the] original party." *Hilao v. Est. of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who . . . would adequately represent [the decedent's] interests." *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010).

## III.   DISCUSSION

### A.    Timeliness of Motion

Rule 25(a)(1) provides that the motion for substitution must be made "within 90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). Courts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion. *Worrell v. Colvin*, No. 1:12-CV-3386 ENV, 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013*); see also* Fed. R. Civ. P. 25 advisory committee's note (1963) ("A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made."). Here, Ms. Wisnesky filed a motion for substitution noting Plaintiff's death one day before filing the death certificate. (*See* ECF Nos. 19, 20.) Her amended motion is similarly within the 90-day time frame. (ECF No. 29.) Accordingly, the Court finds the instant motion timely.

### B.    Survival of the Claim

A party can be substituted only when the plaintiff's claim has not been extinguished. *See* Fed. R. Civ. P. 25(a)(1). As this is a federal claim, the Court first determines whether the statute contains a "specific directive" as to whether the claim survives Plaintiff's death. *Perlow v. Comm'r of Soc. Sec.*, No. 10-CV-1661 SLT, 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) (citation omitted); *see also Rocha v. Comm'r of Soc. Sec.*, No. 1:20-cv-00613-CDB (SS), 2023 WL 2655805, at *1 (E.D. Cal. Mar. 27, 2023). The Social Security Act expressly provides for Plaintiff's disability insurance benefits to be paid to his survivors, which may be a parent, in the event he dies before collecting his underpayments. *See* 42 U.S.C. § 404(d)(3). Accordingly, Plaintiff's claims were not necessarily

extinguished upon his death. *See Rocha*, 2023 WL 2655805, at \*1; *Aranda v. Comm'r of Soc. Sec.*, No. 1:20-CV-00558-SAB, 2021 WL 4864609, at \*2 (E.D. Cal. Oct. 19, 2021).

Here, the Commissioner has informed the Court that further administrative proceedings, following remand, are underway and remain pending at the administrative level. (ECF No. 32 at 2.) Moreover, the parties have filed a joint motion for attorney's fees pursuant to the EAJA payable to Ms. Wisnesky (on behalf of Plaintiff) in this case, which remains pending. (ECF No. 23 at 2.) Therefore, a current dispute also remains in the above-captioned case. Given the foregoing, the Court finds that Plaintiff's claim has not been extinguished.

### C.   Proper Party for Substitution

Rule 25(a)(1) requires evidence that Ms. Wisnesky is a successor in interest or legal representative of Plaintiff. *See Hilao*, 103 F.3d at 766 (applying Rule 25(a)(1) to the legal representatives of the deceased's estate). As the Ninth Circuit has explained: "It is plain . . . that Rule 25(a)(1) applies only to the substitution of legal representatives. That is not only clear from its history; it is implicit in the wording of the provision and in the cases construing it." *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952) (footnote omitted); *see also Maseda*, 2021 WL 1990179, at \*2.

The Court finds that the person seeking substitution, Ms. Wisnesky, the mother of Plaintiff, is the proper party. Plaintiff died unmarried and childless. (ECF No. 29 at 1.) Ms. Wisnesky represents that she is the personal representative of Plaintiff's estate and the Commissioner, who is handling Plaintiff's case on remand, does not dispute that Ms. Wisnesky is entitled to Plaintiff's benefits, if any are awarded on remand. (*See* ECF Nos. 21, 32.) In her supplemental brief, the Commissioner states that the information provided by Ms. Wisnesky "is sufficient to establish [herself] as a substitute party and will prevent a dismissal of this case at an administrative level. Therefore, the Commissioner does not oppose Plaintiff's amended Motion to Substitute parties." (ECF No. 32 at 2.) Accordingly, the Court finds that Ms. Wisnesky is the proper party to be substituted in this case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.    CONCLUSION

Based on the foregoing, Plaintiff's amended *ex parte* motion to substitute (ECF No. 29) is **GRANTED** and Georgia Wisnesky is substituted in place of Christopher Wisnesky as Plaintiff in this case.  The Clerk of Court is **DIRECTED** to reflect that change on the docket.  The Court further **DENIES AS MOOT** Plaintiff's prior motions to substitute (ECF Nos. 19, 28.)

**IT IS SO ORDERED.**

Dated:  February 6, 2025

Hon. Jill L. Burkhardt
United States Magistrate Judge

23-cv-01107-JLB