UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA WISNESKY,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MICHELLE KING, Acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.: 23-cv-01107-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>**[ECF No. 23]** |

Before the Court is a joint motion for award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (ECF No. 23.)  For the following reasons, the Court **GRANTS** the joint motion for award of attorney's fees.

**I.　BACKGROUND**

On June 13, 2023, Christopher Wisnesky ("Deceased Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security (the "Commissioner"), denying his application for disability insurance benefits under Title II of the Social Security Act.  (ECF Nos. 1, 17.)  The Commissioner filed the Administrative Record on August 11, 2023.  (ECF No. 9.)

On August 18, 2023, Deceased Plaintiff filed a merits brief seeking reversal of the Commissioner's decision and an award of benefits.  (ECF No. 13.)  The Commissioner

thereafter filed an opposition (ECF No. 15), and Deceased Plaintiff filed a reply (ECF No. 16). On September 16, 2024, the undersigned judge granted Deceased Plaintiff's merits brief and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 17.) Judgment was entered in favor of Deceased Plaintiff and against Defendant on September 17, 2024. (ECF No. 18.)

On November 25, 2024, Deceased Plaintiff's mother, Georgia Wisnesky, filed an *ex parte* motion to substitute parties due to the death of her son. (ECF No. 19.) She subsequently filed an amended motion to substitute. (ECF No. 29.) The Court granted the amended motion to substitute and substituted Georgia Wisnesky as the plaintiff in this case.

On December 2, 2024, the parties filed the instant joint motion requesting that the Court award Ms. Wisnesky attorney's fees in the amount of $9,500. (ECF No. 23 at 1.) This amount represents compensation for all legal services rendered on behalf of Deceased Plaintiff by counsel in connection with this action. (*Id.*)

## II. THRESHOLD ISSUE OF TIMELINESS

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted) (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993)). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s 60-day appeal period has expired. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

Here, judgment was entered on September 17, 2024. (ECF No. 13.) The parties filed the joint motion on December 2, 2024, within thirty days after the 60-day appeal period had expired. (ECF No. 23.) The Court therefore finds the joint motion timely.
///

### III. DISCUSSION

A litigant is entitled to attorney's fees under the EAJA if: "[A] he is the prevailing party; [B] the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and [C] the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A). The Court will address these elements in turn.

#### A.  Prevailing party

"A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan*, 296 F.3d at 854 (citing *Schaefer*, 509 U.S. at 297–98, 301–02). Here, Deceased Plaintiff is the prevailing party because the Court granted Deceased Plaintiff's merits brief, entered judgment in his favor, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings. (*See* ECF Nos. 17, 18.)

#### B.  Substantial Justification

It is the Commissioner's burden to prove that his position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. § 2412(d)(1)(A). *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the Commissioner makes no argument that his position was substantially justified. Rather, the instant fee request comes to the Court by way of a joint motion. (*See* ECF No. 23.) Accordingly, the Commissioner has not met her burden of showing her position was substantially justified or that special circumstances make an award unjust. *See Jeremy S. v. O'Malley*, No. 23-CV-00184-AJB-JLB, 2024 WL 2000636, at *2 (S.D. Cal. May 6, 2024); *Dana F. v. Kijakazi*, No. 3:20-CV-01548-AHG, 2022 WL 542881, at *2 (S.D. Cal. Feb. 23, 2022).

///

///

### C. Reasonableness of Hours and Hourly Rate

The parties attach Deceased Plaintiff's counsel's itemized list of hours and rates for this matter to the joint motion. (ECF No. 23 at 8–9.) This list includes the hours billed and hourly rates for attorney work in this matter. Deceased Plaintiff's counsel lists a total of 51.20 hours of attorney work, at a rate of $244.62 per hour. (ECF No. 23 at 8–9.) "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court will discuss the reasonableness of each in turn.

First, regarding the reasonableness of the hourly rate, the EAJA provides that the court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *Nadarajah v. Holder*, 569 F.3d 906, 911 (9th Cir. 2009). The statutory maximum EAJA rate for work performed in 2023 in the Ninth Circuit, factoring in increases in the cost of living, was $244.62, and the rate for work performed in 2024, factoring in increases in the cost of living, was $251.84. *See* United Sates Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Feb. 6, 2025).

Here, Deceased Plaintiff's counsel's hourly rate for work performed in 2023 and 2024 matches exactly the Ninth Circuit's EAJA hourly attorney rate in 2023. (ECF No. 23 at 8–9.) Accordingly, the Court finds that the hourly rate billed by counsel is reasonable. *See Roland S. v. Saul*, No. 3:20-cv-01068-AHG, 2021 WL 4081567, at *3 (S.D. Cal. Sept. 7, 2021) (finding hourly rates consistent with the Ninth Circuit's EAJA rates to be reasonable).

///

Second, the Court will assess the reasonableness of the hours expended on the litigation. "Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012); *see also Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."). Here, Deceased Plaintiff's counsel billed 51.20 hours on this case, which is above the typical range. However, Deceased Plaintiff's counsel discounted her total fee request of $12,524.56, and is only requesting $9,500. Therefore, Deceased Plaintiff's counsel is seeking fees for only 38.8 hours of work. The Court finds such a request reasonable, especially in light of Deceased Plaintiff's counsel's results in the case.

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** the parties' joint motion. Accordingly, the Court **AWARDS** substituted Plaintiff Georgia Wisnesky attorney's fees in the amount of $9,500 for work done by Deceased Plaintiff's counsel in this matter.

**IT IS SO ORDERED.**

Dated: February 6, 2025

Hon. Jill L. Burkhardt
United States Magistrate Judge